## DARMAN v. DARMAN.

[No. 5,772.   Filed June 8, 1906.]

DIVORCE.—*Cruel Treatment.*—*Evidence.*—*Appeal and Error.*—In a suit for divorce where the parties are both young and the alleged cruel treatment as shown by the evidence consisted of small disputes and bickerings caused largely by foolish and stubborn pride and by the husband's failure to make allowances for the weaknesses of his young wife, the refusal of the trial court to grant such husband a divorce will not be disturbed on appeal.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Suit by William H. Darman against Carrie Darman. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Crumpacker & Daly,* for appellant.

*Johnston, Bartholomew & Bartholomew,* for appellee.

BLACK, J.—In the suit for a divorce by the appellant, the husband, the court found and adjudged in favor of the wife, the appellee. It is contended that the finding was not supported by sufficient evidence. The parties were young, and they lived together as husband and wife but a few months, part of the time in the family of the husband's father, and the remainder of the time in the immediate neighborhood of that family.

There was some evidence from which the court might have inferred that the appellant was, or permitted himself to seem to be, influenced in his conduct toward his wife by deference to the opinions and wishes of members of that family, disregarding to some extent the feelings and opinions of his wife, which possibly may have been somewhat unreasonable. There were some matrimonial bickerings, concerning which each party ought to have been, and possibly was, ashamed of his or her part therein; but they perhaps were controlled by foolish and stubborn pride, the husband seemingly not understanding and not making due allowances for the weaknesses of the young wife, and not cherishing her as a sensible man should do. Much discretion must be allowed to the trial court in such cases. The interests of society in the marital union should be kept in view, and the bond of matrimony should not be dissolved because of marital difficulties which may be remedied consistently with the honor and happiness of both parties.

In this case the only charge was that of cruel treatment, and we could scarcely have agreed with the trial court if it had granted a divorce upon the evidence in the record.

Certainly, we are not disposed to interfere with the court's exercise of its discretion in favor of the preservation of the family relation.

Judgment affirmed.